UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC. and
JOHNNY LONG

                Plaintiffs,

vs.                                        Case No.  8:04-cv-600-T-23MSS

MORRIS D. BLUMENTHAL, Jr. and
DONALD L. BLUMENTHAL,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes on for consideration of Plaintiffs' Verified Application for Attorneys'
and Expert's Fees, Litigation Expenses and Costs (the "Motion for Attorneys' Fees") (Dkt. 15) and
Defendants' response to the Motion for Attorneys' Fees (Dkt. 17). The District Court Judge referred
this matter to the Undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and
Local Rule 6.01(b) (Dkt. 18). The Undersigned. having considered the Motion for Attorneys' Fees
and response, and being otherwise fully advised, recommends that the Motion for Attorneys' Fees
(Dkt. 15) be **GRANTED IN PART and DENIED IN PART.**

A.      **BACKGROUND**

Plaintiffs filed this action. one of several filed by them in this district. on March 22, 2004.
pursuant to Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12181. *et seq.*.
seeking injunctive relief for alleged architectural ADA violations, attorneys' fees, expert's fees.

litigation expenses and costs.  Shortly after the case was filed, the parties reached a settlement. (See

Dkt. 10).  Plaintiffs now seek payment from the Defendants in the following amounts: 1) $1,295.00

in expert's fees and costs; 2) $239.21 in litigation expenses and costs; and, 3) $7,337.00 in attorneys'

fees ($928.00 of fees for Whitelock & Associates, P.A. for services rendered from the inception of

the case until January 2, 2004 and $6,409.00 of fees for Plaintiffs' current counsel, Todd W. Shulby,

("Plaintiff's Counsel") for services performed after January 2, 2004, until the present).

Defendants agree that Plaintiffs are entitled to fees and costs in this case.  However,

Defendants claim that the attorneys' and expert's fees requested are excessive and should be limited

to $2,400 and $700.00 respectively.  Defendants do not contest the amount of litigation expenses

requested.

## B.    ATTORNEYS' FEES

Plaintiffs' Counsel argues that he is entitled to recover $290 per hour for all time expended

in this matter because the hourly rate sought is "within the range of rates charged by other attorneys

in similar cases, and within the range awarded by Courts in this Circuit in similar cases." (Dkt. 15

at 3).    In addition, while Plaintiffs' Counsel acknowledges that this action was pending in the

Middle District of Florida, he argues that in this case he is entitled to an award of non-local rates

(Id.), specifically, rates applicable in the Southern District of Florida.  (Id. at 7).

Title 42 U.S.C. § 12205 permits an award of reasonable attorney's fees.  The starting point

for determining the amount of a reasonable fee is the determination of a lodestar rate, or the number

of hours reasonably expended on the litigation multiplied by the reasonable hourly rate for work

performed by similarly-situated attorneys. See e.g. Doucet v. Chilton County Board of Education,

63 F. Supp. 2d 1249, 1259 (M.D. Ala. 1999) (citing Norman v. Housing Auth. of City of

Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).  This lodestar figure presumptively includes the twelve factors adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).  Id. at 1299.  These factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. The Eleventh Circuit has specifically expressed its approval of the district courts' consideration of the "Johnson" factors when establishing a reasonable hourly rate.  See Loranger v. Stierheim, 10 F.3d 776, 781 n.6 (11th Cir. 1994).  The burden is on the fee applicant to justify the fee amount requested.  Id. at 781.

After applying this calculation, the Court must determine whether any portion of the fee should be adjusted upward or downward.  See e.g. Doucet, 63 F. Supp. 2d at 1259.  The general rule is that the "relevant market" for purposes of determining a reasonable hourly rate is "the place where the case is filed."  Cullens v. Georgia Department of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). However, there are exceptions to this rule.  For example, an attorney may be awarded non-local rates upon a showing that there is "a lack of attorneys practicing in that place . . . willing and able to handle [such] claims."  Brooks v. Georgia State Bd. of Elections, 997 F.2d 857, 869 (11th Cir. 1993).  Such an exception may also apply where an attorney with extensive prior experience with a certain type of case, who practices in a higher rate market, would be more efficient than a local attorney without such experience.  As the Court explained in American Civil Liberties Union v.

3

Barnes,"We do not rule out the possibility that there might be a case where use of an attorney from a higher rate market who had extensive prior experience with a particular fact situation could be justified because of efficiencies resulting from that prior experience." American Civil Liberties Union v. Barnes, 168 F.3d 423. 438 (11th Cir. 1999).

**Reasonable Rate**

Plaintiffs' Counsel's Motion for Attorneys' Fees seeks to justify his request for $290 an hour based on a myriad of factors, including those enumerated in Johnson. In addition, Plaintiffs' Counsel contends that he is entitled to the local rate rule "exception" because Plaintiffs had trouble locating a competent attorney in the Middle District to represent them. Alternatively, he argues, even if Plaintiffs could find counsel locally, the use of Plaintiffs' Counsel with his Title III experience resulted in efficiencies that would overcome any difference in the respective reasonable hourly rates in the relative markets. (Dkt. 15 at 5).

Defendants counter that the amount requested is excessive and no factors in this case would justify the hourly rate "enhancement" sought. (Dkt. 17, ¶¶ 1-2). Defendants submit the Affidavit of Attorneys' Fees of Robert A. Bauman, Esq., who opines that the reasonable hourly rate for Plaintiffs' Counsel is $200.00 per hour and that no more than 12 hours should have been reasonably expended in this case. (Id., Attach.1). Based on Mr. Bauman's Affidavit, Defendants conclude that $2,400 ($200.00 per hour multiplied by the suggested twelve (12) hours) is a reasonable fee for Plaintiffs' Counsel. (Id.¶ 5).

Plaintiffs' Counsel's Motion for Attorneys' Fees acknowledges that his reasonable rate in this District has been set previously at $200.00 per hour by the Honorable James S. Moody, Jr. in other ADA cases. However, Plaintiffs' Counsel argues that this award was "too low." (Dkt. 15, pg. 8 n.2). In an ADA case Order issued on January 28, 2005, Judge Moody awarded fees to an attorney

at a lower per hour rate than was requested. Access 4 ALL, Inc., et al. v. MJ Ocala Hotel Associates, Ltd., 8:03-cv-2668-T-30MSS (Dkt. 24) (hereinafter "MJ Ocala Hotel Associates, Ltd.). Judge Moody noted in MJ Ocala Hotel Associates, Ltd., as is the case here, that "this type of litigation is repetitive and form intensive. There were no novel or complex motions filed by either party." (Dkt. 24, p. 2).

Plaintiffs' Counsel's Motion for Attorneys' Fees states that the fee request of $290.00 is reasonable based on the Johnson factors. Plaintiffs' Counsel then lists each Johnson factor and offers "evidence" (in the form of unsubstantiated statements) of compliance therewith. The Johnson factors, for the most part, address issues extrinsic to the filings themselves - attorney experience and efficiency, preclusion from accepting other business, nature and length of the professional relationship with the client, etc. Once Plaintiffs' Counsel accepted this case, however, the filings submitted were neither novel nor complex. Indeed, as Defendants noted, the Complaint filed in this case, one of several filed by Plaintiffs' Counsel alleging ADA violations, is strikingly similar to the Complaints filed in Plaintiffs' other Middle District cases. (See e.g., Access for the Disabled, Inc. v. Fourth Street Center, LLC, 04-cv-594-T-26EAJ). According to Defendants, these Complaints "provide no detail as to specific ADA violations, but rather contain generic 'shotgun' allegations regarding ADA violations." (Bauman Aff., ¶ 8).

The Undersigned finds that the sheer number of cases filed by Plaintiffs' Counsel, nine (9) alone on March 22, 2004, in the Middle District of Florida, undermines Plaintiffs' Counsel's argument that he was precluded from accepting employment from other clients. In addition, review of the pleadings reveals that no special experience was necessary, even if Plaintiff possesses such expertise, because cutting and pasting site specific ADA violations into a generic complaint does not

require any particular expertise. (See e.g., the Complaints filed in Case Nos. 8:04-cv-594 through 602 all filed on March 22, 2004, by Plaintiffs' Counsel).

Plaintiff has not offered any evidence, save for the unsworn declaration of his client, Johnny Long, that no competent ADA attorneys exist in the Middle District who could handle this matter. (Dkt. 15, Exh. 7). Defendant offers evidence to the contrary through the sworn Affidavit of Mr. Bauman, an expert, third-party, that there are attorneys in the Middle District willing and able to handle ADA architectural violation cases.

While Plaintiff's counsel has submitted an unsworn declaration providing details about his Title III experience (Dkt. 17, Exh. 11), it cannot be said that Plaintiff's counsel has proven or demonstrated increased efficiency as a result of this experience. Finally, Plaintiff has not established that Middle District attorneys who perform this type of work receive fees at a rate of $290.00 per hour. Although Plaintiffs' Counsel offers his unsworn affidavit as to fees (Exh. 11), the only independent evidence adduced as to the appropriate rate of pay is the affidavit of Defendants' expert, which stands uncontested.

Finally, Plaintiffs' Counsel devotes several pages of his Motion for Attorneys' Fees to justifying why rates from the Southern District of Florida are applicable and, in fact, are similar to the those in the Middle District. Again, Plaintiffs' Counsel's arguments are unavailing. The "applicable market" in this case is the Middle District of Florida, specifically, the Tampa Bay area.

Based on the above, the Undersigned finds that an hourly fee of $290.00 is in excess of the customary market rate in this District and that the rate of $200.00 per hour is reasonable and appropriate for an attorney with the experience of Plaintiffs' Counsel for the work performed in this case.

**Hours worked**

Plaintiffs' Counsel claims that 25.3 hours were devoted to litigating this case and submitted time charts for himself and Whitelock & Associates as evidence to that effect. (See Dkt. 15, Exhs. 1 and 2). Defendants, without any analysis or justification, claim, through conclusory testimony of the Affiant, that no more than twelve (12) hours should have reasonably been expended in this case. (Bauman Aff., ¶6).

Of the 25.3 hours of work claimed by Plaintiffs. Plaintiffs' Counsel submits that he worked 22.1 hours and that the law firm of Whitelock & Associates worked 3.2 hours. However, review of the time sheets indicates that Plaintiffs' Counsel computed his hours incorrectly and that the total time spent by Plaintiffs' Counsel litigating this case, in actuality, was 9.2 hours. (See the time chart submitted as Exh. 2). When the 3.2 hours claimed by Whitelock & Associates are added to this new total for Plaintiffs' Counsel, the total hours spent litigating this case was actually 12.4 hours.

Of this new total number of hours worked, a comparison of Whitelock & Associates billings from December 23, 2003 through January 1, 2004, with those of Plaintiffs' Counsel from February 2, 2004 and February 5, 2004, reveals that Plaintiffs' Counsel, a former employee of Whitelock & Associates, may have billed twice for the same work. For example, Plaintiffs' Counsel lists "Draft Complaint" on December 23, 2003 (Dkt. 15. Exh. 1) and then, after leaving Whitelock & Associates. "Draft Complaint" is listed again on February 2, 2004 (Dkt. 15, Exh. 2). Because no explanation is offered for this, the Undersigned recommends that the 2.2 duplicate hours billed by Plaintiffs' Counsel from February 2, 2004 and February 5, 2004, be deleted from Plaintiffs' Counsel's hourly total. Thus. Plaintiffs' Counsel's hourly total is 7.0 hours and the hourly total for the case would be 10.2 hours.

The hourly rate of $200, as recommended by the Undersigned, computed over 10.2 hours totals $2,040.00 in attorneys' fees in this case. Plaintiffs' Counsel is entitled to $1,400.00 of this total (7 hours) and Whitelock & Associates to the remaining $640.00 (3.2 hours).

## C.   EXPERT'S FEES

The Undersigned recommends that the expert's fees billed in this case should be reduced. Plaintiffs submitted an invoice from Accessibility Disability Consultants for $1,295.00. (See Dkt. 15, Exh. 3). The $1,295.00 bill represents seven (7) hours of work at $185.00 per hour. However, Defendants contend that this amount is excessive and offer the unsworn declaration of their expert, Mr. Ronald Tilton, that the reasonable hourly rate for ADA inspection services should be $100 per hour. (Dkt. 16, ¶ 5). Defendants also inform the Court that Plaintiffs' ADA compliance report was not contained in the Complaint or provided to Defendants during the course of the litigation. Finally, Defendants note that Plaintiffs filed a number of lawsuits seeking injunctive relief for alleged architectural violations on numerous properties in the immediate vicinity of Defendants' property and, thus, it is likely that the "expert viewed all of these properties at the same time, thereby reducing the number of hours required on each property." (Dkt.17, ¶ 6).

In MJ Ocala Hotel Associates, Ltd., the Court addressed similar expert's fees and concluded that $100.00 per hour for an ADA expert's time in this type of case was reasonable and appropriate. The Undersigned finds this authority and the arguments advanced by the Defendants in opposition to the $185.00 per hour requested by Plaintiffs persuasive. Thus, the Undersigned recommends that Plaintiffs be awarded $700 in expert's fees for seven (7) hours of work at the rate of $100.00 per hour.

**D.     LITIGATION EXPENSES and COSTS**

Plaintiffs requested reimbursement of litigation expenses totaling $239.21.  Defendants do not contest these costs.

Accordingly, the Undersigned  **REPORTS** and **RECOMMENDS** that the District Court enter a final Order that:

1.      Plaintiffs be awarded a total of $2040.00 in attorneys' fees for the 10.2 hours spent on this case; with Plaintiffs' Counsel to receive $1,400.00 of this total and Whitelock & Associates the remaining $640.00;

2.      Plaintiffs be awarded expert's fees in the amount of $700.00; and,

3.      Plaintiffs be awarded litigation expenses in the amount of $239.21.

Respectfully **RECOMMENDED** in Tampa, Florida on this 13 day of June 2005.


MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).


Copies to:

Counsel of Record